**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>                 Plaintiff,<br><br>   v.<br><br>**TABITHA NICOLE RODGERS**,<br>[DOB: 06/05/1979]<br><br>   and<br><br>**CLINT TRAVIS RODGERS**<br>[DOB: 03/05/1973]<br><br>                 Defendants.<br><br>**Defendants/Counts:**<br>**T. Rodgers:**   1-20 and FA<br>**C. Rodgers:**   1-19 and FA | No. 18-04117-01/02-CR-C-RK<br><br>**COUNT 1**<br>18 U.S.C § 1349<br>NMT 20 Years Imprisonment<br>NMT $250,000 fine<br>NMT 3 Years Supervised Release<br>Class D Felony<br><br>**COUNTS 2-7**<br>18 U.S.C. § 1343<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT Three Years Supervised Release<br>Class C Felony<br><br>**COUNTS 8-13**<br>18 U.S.C. § 1341<br>NMT 20 Years Imprisonment<br>NMT 3 Years Supervised Release<br>NMT $250,000 Fine<br>Class C Felony<br><br>**COUNT 14**<br>18 U.S.C. § 545<br>NMT 20 Years Imprisonment<br>NMT $250,000 fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT 15**<br>18 U.S.C § 2318<br>NMT 5 Years Imprisonment<br>NMT $250,000 fine<br>NMT 3 Years Supervised Release<br>Class D Felony |

**COUNT 16**
18 U.S.C § 2319(b) and 17 U.S.C. § 506
NMT 5 Years Imprisonment
NMT $250,000 fine
NMT 3 Years Supervised Release
Class D Felony

**COUNT 17**
18 U.S.C § 2320(a)
NMT 10 Years Imprisonment
NMT $2,000,000 fine
NMT 3 Years Supervised Release
Class D Felony

**COUNTS 18 and 19**
18 U.S.C. §§ 1957(a)
NMT 10 Years Imprisonment
NMT $500,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNT 20**
18 U.S.C. §§1001(a)(1) and (3)
NMT 5 Years Imprisonment
NMT $250,000
NMT 3 Years Supervised Release
Class D Felony

**FORFEITURE ALLEGATIONS**

$100 Special Assessment (All Counts)
Mandatory Restitution (All Counts)

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## Introduction and Background

At all times relevant to this Indictment:

1. The defendants, **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, resided in Columbia, Missouri, as a married couple. The defendants engaged in the sales of counterfeit products represented as genuine, authentic, and legitimate, including

2

counterfeit Disney DVD materials. The Manufacturer's Suggested Retail Price (MSRP) of the counterfeit goods sold by the defendants was approximately $2,280,916.

2. The defendants owned no copyrights to any Disney DVD materials.

3. The defendants did not possess a license to copy, produce or sell copyrighted Disney DVD materials.

4. All of the Disney DVD materials referenced in this Indictment were copyrighted materials.

**Definition of Terms**

5. The term "motion picture" was defined as an audiovisual work consisting of a series of related images which, when shown in succession, imparted an impression of motion, together with accompanying sound, as defined at 17 U.S.C § 101.

6. The terms "digital video disc" or "digital versatile disc" or "DVD" described an optical disc storage media format which is capable of storing at least 4.7 gigabytes of data, typically at least enough for a full-length movie as well as other features such as movie trailers, director's commentary and other multi-media presentations.

7. "Traffic" was broadly defined to mean "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of." 18 U.S.C. § 2320(f)(5).

8. "Counterfeit" was defined as something "that appears to be genuine, but is not." 18 U.S.C. §§ 2318(b)(1), (b)(6).

**Supplemental Nutrition Assistance Program**

9. The United States Department of Agriculture ("USDA") administered a program

called the Supplemental Nutrition Assistance Program ("SNAP"), commonly known as "food stamps," which assisted lower-income individuals and families to purchase food.

10. Within USDA, the Food and Nutrition Service directed SNAP through contracts with state agencies who distributed SNAP benefits to qualified recipients. In the State of Missouri, the Department of Social Services, Family Support Division distributed SNAP benefits.

11. SNAP benefits were similar to U.S. currency, in that SNAP recipients could purchase qualified items, generally food, from authorized retailers for the face value of the SNAP benefits. In Missouri, a SNAP beneficiary received an Electronic Benefits Transfer ("EBT") card and a unique Personal Identification Number ("PIN"). Entry of the PIN was required to redeem the benefits from the EBT card.

12. The SNAP program authorized retailers to accept and redeem SNAP benefits in exchange for the eligible foods. Authorized retailers redeemed the benefits through an automated "point of sale" ("POS") terminal that connected to a multi-state system operated by eFunds Corporation in Milwaukee, Wisconsin. For each transaction, eFunds debited the beneficiary's EBT card and credited the authorized retailer's bank account for the amount of each transaction.

**COUNT 1**
(Conspiracy to Commit Mail and Wire Fraud)
18 U.S.C. § 1349

13. Paragraphs 1 through 8 of this Indictment are realleged and reincorporated as if fully set forth herein.

14. Beginning on or about August 2011, the exact date being unknown to the grand jury, and continuing to on or about August 25, 2015, within Boone County, in the Western District of Missouri, and elsewhere, the defendants, **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, knowingly and intentionally conspired and agreed together and with each

other, and with others known and unknown to the grand jury, to commit the following offenses, that is, having devised a scheme to defraud and to obtain money and property by means of materially false and fraudulent representations and promises that products were authentic, genuine, and legitimate, when the products were counterfeit products, in order to induce persons to purchase the those counterfeit products; and for the purpose of executing and attempting to execute such scheme,

    a.    caused mail matter to be sent by the United States Postal Service, and private commercial carrier, contrary to the provisions of Title 18 United States Code, Section 1341; and,

    b.    caused certain writings, signs, and signals to be transmitted, in interstate commerce, by means of a wire communication, contrary to the provisions of Title 18 United States Code, Section 1343.

### **Manner and Means**

15. It was part of the conspiracy and scheme to defraud that the defendants, **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, imported counterfeit products, including Disney DVDs, from counterfeiters in the People's Republic of China, including Hong Kong.

16. It was part of the conspiracy and scheme to defraud that the defendants communicated with Chinese counterfeiters through email transmissions with sources that included "DayMaly," who used email addresses goodbuyolvip@live.com and goodbuyolvip@yahoo.com.

17. In furtherance of the conspiracy and scheme to defraud, the defendants caused the international shipment of counterfeit products through the mail, including by DHL, a company that delivered international parcels and freight.

18. In furtherance of the conspiracy and scheme to defraud, the defendants listed and advertised counterfeit products, including counterfeit Disney DVDs, for sale on ecommerce sites, such as eBay.

19. In furtherance of the conspiracy and scheme to defraud, the defendants falsely and fraudulently listed and advertised counterfeit products, including counterfeit Disney DVDs, on ecommerce sites, such as eBay, as genuine, authentic, and legitimate to induce customers to purchase the counterfeit products.

20. In furtherance of the conspiracy and scheme to defraud, the defendants knowingly made materially false and fraudulent representations regarding the authenticity of products including counterfeit Disney DVDs on e-commerce sites, such as eBay, and in email communications to customers.

21. In furtherance of the conspiracy and scheme to defraud, and on e-commerce sites, such as eBay, and in email communications to customers, the defendants attracted customers to purchase counterfeit products, including counterfeit Disney DVDs, by advertising those products at prices lower than retail prices of for genuine, authentic, and real products charged by authorized retailers.

22. In furtherance of the conspiracy and scheme to defraud, the defendants solicited and fulfilled orders for counterfeit products, including counterfeit Disney DVDs, through their own websites and through ecommerce websites, such as eBay.

23. In furtherance of the conspiracy and scheme to defraud, the defendants accepted customer payments for counterfeit products through ecommerce sites such as PayPal.

24. In furtherance of the conspiracy and the scheme to defraud, the defendants used numerous wire transmissions to facilitate the shipment of counterfeit products to customers.

25. In furtherance of the conspiracy and the scheme to defraud, mailed, or cause to be mailed, via the United States Postal Service, counterfeit products, including counterfeit Disney DVDs, to customers.

26. In furtherance of the conspiracy and the scheme to defraud, the defendants, having received customer complaints relating to the counterfeit, unauthorized, illegal, and pirated nature of the purchased products, continued to sell the products, knowing them to be counterfeit.

27. All in violation of Title 18 United States Code, Section 1349.

**COUNTS 2 through 7**
(Wire Fraud)
18 U.S.C. §§ 1343 and 2

28. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

29. On or about the dates set forth below in each count, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants, **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly and intentionally for the purpose of executing a scheme to obtain property and money by materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, knowingly and intentionally caused to be transmitted, in interstate commerce, by means of a wire communication, certain writings, signs, and signals as described for each count below:

| Count | Date of Wire | Wire Communication |
|---|---|---|
| 2 | May 28, 2014 | Wire transfer of funds in the amount of $8,400 from Landmark Bank account number x8259 to an International recipient |
| 3 | August 1, 2014 | Wire transfer of funds in the amount of $8,400 from Landmark Bank account number x8259 to an International recipient |
| 4 | October 6, 2014 | Wire transfer of funds in the amount of $9,800 from Landmark Bank account number x8259 to an International recipient |

| Count | Date of Wire | Wire Communication |
|---|---|---|
| 5 | November 10, 2014 | Wire transfer of funds in the amount of $9,940 from Landmark Bank account number x8259 to an International recipient |
| 6 | December 8, 2014 | Wire transfer of funds in the amount of $9,940 from Landmark Bank account number x8259 to an International recipient |
| 7 | January 6, 2015 | Wire transfer of funds in the amount of $9,900 from Landmark Bank account number x8259 to an International recipient |

30. All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 8 through 13**
(Mail Fraud)
<u>18 U.S.C. §§ 1341 and 2</u>

31. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

32. On or about the dates set forth below in each count, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly and intentionally for the purpose of executing the above scheme and artifice to defraud, knowingly caused to be sent and delivered by U.S. Mail, the following checks, each mailing being a separate count of this Indictment:

| Count | Date | Description of item mailed |
|---|---|---|
| 8 | May 19, 2013 | Check for $11,400 mailed from J.R. to RODGERS |
| 9 | May 23, 2014 | Check for $8,024 mailed from J.R. to RODGERS |
| 10 | December, 10, 2014 | Check for $6,770 mailed from J.R. to RODGERS |
| 11 | December 11, 2014 | Check for $2,286.46 mailed from C.P. to RODGERS |
| 12 | February 25, 2015 | Check for $3,500 mailed from J.R. to RODGERS |
| 13 | March 1, 2015 | Check for $3,500 mailed from J.R. to RODGERS |

33. All in violation of 18 United States Code, Sections 1341 and 2.

**COUNT 14**
(Smuggling Goods into the United States)
<u>18 U.S.C. §§ 545 and 2</u>

34. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

35. Beginning at an unknown time, at least as early as April 2012, and through August 25, 2015, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, fraudulently and knowingly received, concealed and facilitated the transportation of merchandise, that is counterfeit Disney DVDs, knowing that such merchandise had been imported or brought into the United States contrary to law.

36. All in violation of Title 18 United States Code, Sections 545 and 2.

**COUNT 15**
(Trafficking in Counterfeit Labels, Illicit Labels or Counterfeit Documentation or Packaging)
18 U.S.C. § 2318

37. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

38. Beginning at an unknown time, at least as early as April 2012, and through August 25, 2015, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly trafficked in counterfeit labels and counterfeit documentation and packaging, affixed to, enclosing, accompanying, and designed to be affixed to, enclose, and accompany motion picture DVDs with the intent to make financial gain, each of which were copies of a copyrighted work, in violation of Title 18, United States Code, Sections 2318(a)(1), (c)(3), (c)(4), and 2.

## COUNT 16
(Criminal Copyright Infringement for Profit)
18 U.S.C § 2319(b) and 17 U.S.C. §506

39. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

40. Beginning at an unknown time, at least as early as April 2012, and through August 25, 2015, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly and intentionally distributed at least ten copies of one or more copyrighted works during a 180 day period, which had a total retail value of more than $2,500, with the intent to make financial gain through said distribution, in violation of Title 18, United States Code, Sections 2319(b) and 2; and Title 17, United States Code, Section 506.

## COUNT 17
(Trafficking in Counterfeit Goods or Services)
18 U.S.C. §§ 2320(a) and 2

41. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

42. Beginning at an unknown time, at least as early as April 2012, and through August 25, 2015, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly and intentionally trafficked in goods and knowingly used on and in connection with such goods, counterfeit marks that were in use and registered for those goods on the principal register of the United States Patent and Trademark Office, the use of which counterfeit marks were likely to cause confusion, to cause

mistake and to deceive, in violation of Title 18, United States Code, Sections 2320(a)(1), (a)(2), and 2.

### COUNTS 18 and 19
(Conducting a Financial Transaction in Excess of $10,000 with Criminally Derived Proceeds)
18 U.S.C. § 1957(a)

43. Paragraphs 1 through 8, and 15 through 26, of this Indictment are realleged and reincorporated as if fully set forth herein.

44. On or about the dates set forth below in each count, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendants, **TABITHA NICOLE RODGERS** and **CLINT TRAVIS RODGERS**, aiding and abetting each other and others, knowingly engaged and attempted to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit and transfer of funds and monetary instruments, such property having been derived from a specified unlawful activity, that are, conspiracy to commit mail and wire fraud, as charged in Count 1 of this Indictment:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 18 | September 19, 2014 | the wire transfer of $40,500 funds from Landmark Bank account number x8234 to a Western Union Bank account possessed by G.P. |
| 19 | January 26, 2015 | the wire transfer of $40,500 funds from Landmark Bank account number x8234 to a Western Union Bank account possessed by G.P. |

45. All in violation of Title 18, United States Code, Section 1957(a).

### COUNT 20
(False Statements to Obtain Food Stamps)
18 U.S.C. § 1001

46. Paragraphs 1 and 9 through 12, of this Indictment are realleged and reincorporated as if fully set forth herein.

47. Between October 18, 2012, and April 4, 2015, said dates being approximate, within Boone County, in the Western District of Missouri, and elsewhere, the defendant **TABITHA NICOLE RODGERS**, knowingly and intentionally made materially false and fraudulent statements and representations on applications for Supplemental Nutrition Assistance program ("SNAP") benefits, in that **TABITHA NICOLE RODGERS** falsely claimed to have no liquid or household resources and falsely claimed to have household income less than actual earned household income, and falsely, claimed, under penalty of perjury, that the information contained in the application was true and correct when, as she well knew, it was not, and indeed she and her household hade earned more than $500 per month and had household resources greater than $2,000 due to sales of DVDs and other products on ecommerce sites including eBay, and as a result, she and her family received over $26,573 in SNAP benefits to which she was not entitled, all in violation of Title 18, United States Code Sections 1001(a)(1) and (3).

## **FORFEITURE ALLEGATION I (wire fraud and wire fraud conspiracy)**

48. The allegations of Counts 1 through 7 are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants had an interest, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and the procedures outlined in Title 21, United States Code, Section 853, for any property real or personal, including, but not limited to a money judgment in the amount of at least $2,280,916, in that such sum, in aggregate, constitutes proceeds traceable to the wire fraud conspiracy.

## **Substitute Assets**

49. If the property described above is being subject to forfeiture as a result of any act or omission of the defendants,

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

50. All pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and the procedures outlined in Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION II (mail fraud and mail fraud conspiracy)

51. The allegations of Count 1 and Counts 8 through 13 are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants had an interest, pursuant to the provisions of Title 18, United States Code, Section 982(a)(3), and the procedures outlined in Title 21, United States Code, Section 853, for any property real or personal, involved in the mail fraud conspiracy, or any property traceable to such property, including, but not limited to, a money judgment in the amount of at least $2,280,916, in that such sum, in aggregate, constitutes proceeds traceable to the mail fraud conspiracy.

**Substitute Assets**

52. If the property described above is being subject to forfeiture as a result of any act or omission of the defendants,

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

53. All pursuant to the provisions of Title 18, United States Code, Section 982(a)(3) and the procedures outlined in Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION III (smuggling goods)**

54. The allegations of Count 14 are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants had an interest, pursuant to the provisions of Title 18, United States Code, Section 982(a)(2(B), and the procedures outlined in Title 21, United States Code, Section 853, for any property constituting, or derived from, proceeds the defendants obtained directly or indirectly as a result of the allegations in Count 14.

**Substitute Assets**

55. If the property described above is being subject to forfeiture as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

56. All pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B) and the procedures outlined in Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION IV**
**(trafficking in counterfeits, criminal copyright infringement)**

57. The allegations of Counts 15 through 17 are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants had an interest, pursuant to the provisions of Title 18, United States Code, Sections 2323 and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) and the procedures outlined in Title 21, United States Code, Section 853, any property constituting or derived from

any proceeds obtained directly or indirectly as a result of the commission of a counterfeiting offense.

**Substitute Assets**

59. If the property described above is being subject to forfeiture as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

59. All pursuant to the provisions of Title 18, United States Code, Sections 2323 and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and the procedures outlined in Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION V (money laundering)**

60. The allegations of Counts 18 and 19 are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of $40,500 as to Count 18 and $40,500 as to Count 19, pursuant to the provisions of Title 18, United States Code, Section

982(a)(1) and the procedures outlined in Title 21, United States Code, Section 853, as property involved in the money laundering offense or traceable to the offense.

## Substitute Assets

61. If the property described above is being subject to forfeiture as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

62. All pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), and the procedures outlined in Title 21, United States Code, Section 853(p).

**A TRUE BILL.**

*/S/ Samie Hill*
**FOREPERSON OF THE GRAND JURY**

*/S/ Jim Lynn*
Jim Lynn
Assistant United States Attorney
Missouri Bar No. 32140

Dated:  10/25/2018